■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK WEBB, Defendant. AMWEST SURETY INSURANCE COMPANY, as Surety, Appellant. [723 NYS2d 662] —Order, Supreme Court, New York County (Joan Carey, J.), entered on or about January 7, 2000, which denied appellant surety's motion for remission of a bail forfeiture in the amount of $50,000, unanimously affirmed, without costs.

While unusual effort and expense by a surety to locate a defendant and procure his presence in court may warrant at least a partial remission (see, People v Peerless Ins. Co., 21 AD2d 609, 621), that principle has no application to these facts. As the motion court found, it was only after the bail was forfeited, two months after the court had issued a warrant for defendant's arrest based on information that he was going to abscond, and a month after defendant's first trial in absentia had ended in a mistrial, that the surety, notwithstanding that it had reason to know of the warrant almost immediately after its issuance, undertook any serious efforts to find and apprehend defendant. As it happened, defendant's second trial in absentia ended in an acquittal. Thus, the surety would have had no basis whatsoever for bringing defendant to court after that verdict, and then seeking a remission on the basis of that successful effort, were it not for the circumstance, aptly characterized by the motion court as fortuitous, that a second warrant for defendant's arrest was issued on a new charge of bail jumping. The forfeited bail, of course, was not posted in connection with the bail jumping charge. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.